# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

MARY M. HALL, et al.,

          Plaintiffs,

v.                            CIVIL ACTION NO. 5:09-cv-00689

CLIFFS NORTH AMERICAN COAL, LLC,

          Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mary M. Hall, Eva Tolliver and Carol Ann Rakes (collectively, Plaintiffs) originally filed this case in the Circuit Court of Wyoming County, West Virginia. Defendant Cliffs North American Coal, LLC (Defendant), pursuant to 28 U.S.C. § 1441, filed a Notice of Removal on June 18, 2009 [Docket 1], claiming jurisdiction based on diversity of citizenship as defined in 28 U.S.C. § 1332(a)(1). Shortly thereafter, Plaintiffs filed this Motion to Remand [Docket 5]. On July 6, 2009, Defendant filed a responsive memorandum [Docket 8], and the motion to remand is now ripe for the Court's consideration.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The present dispute centers on the Plaintiffs' well. In particular, according to the initial complaint, Defendant's mining activities are alleged to have negatively affected Plaintiffs' personal wells and underground water supply, causing a decrease in Plaintiffs' water supply. Plaintiffs seek various forms of relief for this injury, including compensation for the loss of the wells, "extreme aggravation, annoyance, and inconvenience," and diminution in property value [Complaint, Docket 1, Ex. A]. They also seek punitive damages, and ask that this Court require Defendant to provide

Plaintiffs with a new water system.  In their Complaint, Plaintiffs did not seek a sum certain from Defendant.

In their motion and memorandum, Plaintiffs contend that Defendant has not shown that the damages sought satisfy the jurisdictional amount in controversy requirement.

## II.  STANDARDS AND APPLICABLE LAW

Congress has granted the federal courts original jurisdiction over all actions where the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)(1).  If an action filed in state court could properly have been filed in federal court originally, a defendant may invoke the federal courts' original jurisdiction and remove the action.  28 U.S.C. § 1441(a).

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction."  *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  All doubts regarding the jurisdiction of this Court to hear a case will be resolved in favor of remand.  *Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp. 2d 633 (S.D. W. Va. 2009) (Johnston, J.).

Generally, the party asserting federal jurisdiction bears the burden of proof.  *Sayre v. Potts*, 32 F. Supp. 2d 881, 883 (S.D. W. Va. 1999) (Goodwin, J.).  "A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount."  *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (Cophenhaver, J.).  To do this, the party must show that it is "more likely than not" that the amount in controversy satisfies the jurisdictional standard.  *Id*.

In evaluating a party's claim to federal jurisdiction, this Court may consider the entire record that exists at the time the assertion of jurisdiction is made. *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (Faber, J.) (citing 14A Charles Alan Wright, et al., *Federal Practice and Procedure* § 3725 at 423-24 (1985)).

### III. ANALYSIS

Defendant's argument appears to be that this Court should conclude that Plaintiffs' compensatory damages are in excess of $75,000 based on "common sense." [Docket 8 at 4 ("It would defy common sense to believe that if Plaintiffs were to prevail, all of their compensatory demands would add up to less than $75,000 alone.")] Defendant also highlights Plaintiffs' requests for attorney's fees and punitive damages.[1]

Defendant improperly appeals to the "common sense" of this Court to relieve it of its burden to provide evidence on the amount in controversy. Although the Court "is not required to leave its common sense behind," *Mullins*, 861 F. Supp. at 24, the defendant nonetheless must give the Court something to which to apply its common sense. In *Mullins*, the district court considered evidence of the contract price and finance charges, along with the causes of action being sought by the plaintiff. *Id*.

Here, Defendant's response is wholly without any factual allegations or citations to the record to support its conclusion that the amount in controversy meets or exceeds $75,000. Beyond a party's obligation to properly plead federal jurisdiction, "[d]efendant is nevertheless required to

---

[1] In support of its argument for federal jurisdiction, Defendant also points out that Plaintiffs have not filed a stipulation limiting recovery to an amount below $75,000. [Docket 8 at p. 8-9] Because Plaintiffs have filed no such stipulation, and none is required, the Court need not consider further the impact that such a stipulation might have had.

*show* by a preponderance of the evidence that jurisdiction in this Court is proper." *Wickline*, 606 F. Supp. 2d at 636-37 (emphasis in original).

Beyond listing the requested relief, Defendant offers no basis upon which to evaluate the requested damages—no information on Plaintiffs' property values, the cost to repair the wells, or Plaintiffs' "out-of-pocket" expenses. The closest Defendant comes is offering an arbitrary $15,000 value in the context of its argument regarding punitive damages, but that number is not premised upon any factual support apparent in Defendant's response. In cases where the record provides no factual support for an amount in controversy, this Court construes the record strictly in favor of remand. *See, e.g.*, *Wickline*, 606 F. Supp. 2d at 637 (ordering remand where the record is "entirely devoid of any evidence regarding the amount-in-controversy requirement"); *Adkins*, 2009 WL 1659922 at *3 (finding that "Defendant has not met its burden of proving that federal jurisdiction exists" when there was no evidence in the record regarding actual damages).

Defendant also looks to two other claims for relief sought by plaintiffs—attorney's fees and punitive damages—in an attempt to further inflate the amount in controversy. The attorney's fees argument lacks merit, because neither party has asserted a plausible basis for the award of attorney's fees. The "American Rule" regarding attorney's fees states that parties "bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 602 (2001). As Defendant properly points out in the response, Plaintiffs have not alleged a statutory right to attorney's fees. Absent some indication of a statutory or other right to attorney's fees, the Court declines to depart from the American Rule and find attorney's fees to be part of the compensatory damages calculation.

It is true that punitive damages may properly be considered when determining the amount in controversy. *Hutchens v. Progressives Paloverde Ins. Co.*, 211 F. Supp. 2d 788, 790-91 (S.D. W. Va. 2002) (Haden, C.J.) ("A good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy."). Defendant's argument on this point, however, still does not provide a sufficient basis for finding federal jurisdiction. First, Defendants provide a ratio of 5 to 1 to be applied as the basis of punitive damages calculations, but do not give this Court any basis for understanding the value of the compensatory damages. Second, Defendant relies on *TXO Prod'n Corp. v. Alliance Res. Corp.* for the proposition that the 5 to 1 ratio should be used to determine if the amount-in-controversy requirement is satisfied. 419 S.E.2d 870 (W. Va. 1992), *aff'd* 509 U.S. 443 (1993). By its very language, *TXO* provides this ratio as an "outer limit" for punitive damages, not the standard. *Id.* at 889. Further, it is not clear to the Court that this case would merit an award of punitive damages, least of all damages in such a high ratio. To the extent that there is doubt on this point, it is to be resolved in favor of remand. *See Mulcahey*, 29 F.3d at 151.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand [Docket 5] is **GRANTED**. The case is hereby **REMANDED** to the Circuit Court of Wyoming County, West Virginia, and Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of the Circuit Court of Wyoming County.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:     November 30, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE